UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

MARK A ROBERTS and          )
RAI ROBERTS,                )
                            )
            Plaintiffs,     )
                            )
v.                          )          No.: 3:21-CV-373-KAC-DCP
                            )
DEDRA VERNIE SCHULZ,        )
                            )
            Defendant.      )

## ORDER DISMISSING ACTION

On October 15, 2021, Plaintiffs, proceeding pro se, filed a Complaint against Defendant [Doc. 1]. After ninety (90) days had passed and it appeared that Plaintiffs had not served Defendant as required under Federal Rule of Civil Procedure 4(m), the Court ordered Plaintiffs to show cause as to "why the matter should not be dismissed without prejudice pursuant to Rule 4(m)" [Doc. 4 (citing E.D. Tenn. L.R. 83.13 and Fed. R. Civ. P. 4(m)]. The Court gave Plaintiffs fourteen (14) days to respond and expressly provided that "[f]ailure to timely respond will be grounds for the Court to dismiss this case" [*Id.*]. To date, Plaintiffs have not responded to the Court's Order to Show Cause, and the deadline has passed.

Rule 4(m) provides, in pertinent part, "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—***must dismiss the action without prejudice*** against that defendant ***or order that service be made within a specified time***." Fed. R. Civ. P. 4(m) (emphasis added). If the plaintiff "shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id.* Rule 4(m) thus requires a two-step process. First, "the court must determine whether the plaintiff has shown

good cause for the failure to effect service"; if so, the Court must extend the time for service. *See Stewart v. Tenn. Valley Auth.*, 238 F.3d 424 (Table), 2000 WL 1785749, *1 (6th Cir. Nov. 21, 2000). "Second, if the plaintiff has not shown good cause, the court must either (1) dismiss the action or (2) direct that service be effected within a specified time." *Id.* (citations omitted); *see also Henderson v. United States*, 517 U.S. 654, 662-63 (1996) (stating in dicta "courts have been accorded discretion to enlarge the . . . period even if there is no good cause shown.") (citations and quotations omitted). This decision rests in the discretion of the district court. *Stewart*, 238 F.3d 424, 2000 WL 1785749, *1 (2000) (Table). Judges in this district have considered five non-binding factors when exercising their discretion:

> (1) whether a significant extension of time is required; (2) whether an extension of time would cause actual prejudice to the defendant other than the inherent 'prejudice' in having to defend the lawsuit; (3) whether the defendant had actual notice of the lawsuit; (4) whether dismissal of the complaint without prejudice under Rule 4(m) would substantially prejudice the plaintiff, i.e., cause the plaintiff's suit to be time-barred . . . ; and (5) whether the plaintiff has made diligent, good faith efforts to effect proper service of process.

*See Tanksley v. Tenn. Valley Auth.*, 2017 WL 6391473, *6 (E.D. Tenn. Dec. 14, 2017) (cleaned up) (collecting cases); *see also Smith v. Lincoln Health Sys.*, 2020 WL 6803847, *2 (E.D. Tenn. Nov. 19, 2020).

As an initial matter, Plaintiffs have not shown good cause for their failure to serve Defendant. Further, the record reveals no reason that the Court should not dismiss this action. There is no evidence that Plaintiffs have made any efforts to serve Defendant or advance this case. The Court warned Plaintiffs of the requirements of Rule 4 in its "Order to Show Cause" [Doc. 4 at 1 (identifying requirements of Rule 4 and repercussions if Plaintiffs failed to comply)]. And the Court reminded Plaintiffs of their "duty . . . to monitor the progress of the case, and to prosecute or defend the action diligently" [*Id.* (quoting E.D. Tenn. L.R. 83.13)]; Doc. 2]. Given Plaintiffs'

2

failures thus far, there is no reason to believe that they would comply with any order setting forth a specific deadline for service. On this record, the Court is compelled to dismiss Plaintiffs' action without prejudice.

Accordingly, the Court **DISMISSES** this action **without prejudice** under Rule 4(m). An appropriate judgment shall enter.

IT IS SO ORDERED.

s/ Katherine A. Crytzer
KATHERINE A. CRYTZER
United States District Judge
